UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STANLEY M. CRAWFORD,         )
                                    )
         Plaintiff,          )
                                    )
        v.               )          No. 4:22-CV-861 SRC
                                    )
KEVIN HARRISON, et al.,     )
                                    )
        Defendants.       )

**Memorandum and Order**

This matter is before the Court on the motion of Plaintiff Stanley M. Crawford, an inmate at Moberly Correctional Center (MCC), for leave to commence this civil action without prepaying fees or costs.  Having reviewed the motion and the financial information submitted in support, the Court grants the motion and assesses an initial partial filing fee of $8.25.  Additionally, for the reasons discussed below, the Court grants Plaintiff the opportunity to file an amended complaint to clearly set forth his claims and supporting allegations.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*

In support of the instant motion, Plaintiff submitted an inmate account statement showing an average monthly deposit of $41.25 and an average monthly balance of $8.30.  The Court therefore assesses an initial partial filing fee of $8.25, which is twenty percent of Plaintiff's average monthly deposit.

## Legal Standard on Initial Review

The Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S at 556).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the Court to draw upon judicial experience and common sense.  *Id*. at 679.  The Court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

The Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff, now an inmate at Moberly Correctional Center, filed the instant Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights relating to his incarceration at the Warren County Jail. He names Warren County Sheriff Keith Harrison and Lieutenant Eric Shleuter as defendants in this action. Plaintiff sues Defendants in both their individual and official capacities.

Plaintiff's allegations are best recounted in their entirety:

1. I was placed in inhumane conditions. I could not sleep or breathe and it has caused Phycolegical [sic] damage, the sherrif [sic] was aware of my disease and exposed me to conditions that Put my life and health at risk, Eric Shlueter was negleant [sic] to my medical needs and ignored my Pleas for help.
2. From May 2019–July 2019    2020–2021
3. Warren County Jail

4. Loss of Breath, Struggled for air, coughing blood and Blood in my stool, severe rash then severe Joint Pain, loss of sleep nightmares distress, severe stress, Headaches, nauesa [sic], anxiety and Panic attacks, and Death.
5. They were deliberate in their indifference to my medical needs and Neglected to address my pain, suffering and distress.

Doc. 1 at pp. 3–4.  Plaintiff seeks $1,000,000 in actual damages and $1,000,000 in punitive damages.  Doc. 1 at p. 5.

## Discussion

As currently plead, Plaintiff's allegations for deliberate indifference to his medical needs are subject to dismissal.  Liability in a 42 U.S.C. § 1983 case is personal.  *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017).  In other words, "[g]overnment officials are personally liable only for their own misconduct."  *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015).  As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights."  *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights).

To that end, a plaintiff must allege facts connecting the named defendants to the challenged action.  *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).  In this case, Plaintiff asserts that Defendants Harrison and Shlueter were deliberately indifferent to his serious medical needs.  However, he has failed to indicate in his Complaint that either Defendant knew he suffered from an objectively serious medical need and disregarded that need.  *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019), *as amended* (Nov. 26, 2019).

4

Plaintiff has attached several sets of medical records to his Complaint, which the Court takes judicial notice of pursuant to Federal Rule of Civil Procedure 10(c).  The medical records show that Plaintiff was seen several times by a nurse for his breathing issues and prescribed various prescriptions, and finally sent to the emergency room, at the beginning of June 2019.  He was then diagnosed with Chronic Obstructive Pulmonary Disease (COPD), and again, he was treated with various prescription drug treatments and breathing treatments, well into the month of July 2020.  When Plaintiff's breathing issues, joint pain and a rash surfaced in January of 2020, he was again prescribed various prescription treatments by a nurse and Physician Assistant at the Jail, but quickly sent to the Emergency Room for treatment, where he was diagnosed with Still's Disease.  After he was discharged from the hospital, the Jail continued to treat Plaintiff with the prescribed medications (prednisone and albuterol), but when his breathing and joint pain worsened, he was sent back to the hospital for additional treatment.

Plaintiff has failed to allege anything more than a disagreement with the treatment provided to him by the medical professionals at the Jail.  "A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation."  *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118–19 (8th Cir. 2007); *see also Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (stating that a "mere disagreement with treatment decisions . . . does not rise to the level of a constitutional violation").

Although the Complaint is subject to dismissal, the Court will, in an abundance of caution, give Plaintiff the opportunity to file an amended complaint to clearly set forth his claims and supporting allegations.  Plaintiff is advised that the amended complaint will replace the original.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir.

2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").  Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.  Plaintiff must also specify the capacity in which he intends to sue the defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.  *See* Fed. R. Civ. P. 8(a).  Each averment must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him.  *See Madewell*, 909 F.2d at 1208.  Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is

accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").  Further, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must avoid attempting to amend his Complaint by filing separate documents containing changes he wishes to make to certain parts.  Instead, Plaintiff must file a single comprehensive pleading that sets forth his claims for relief.  *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). The amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has also filed a motion to appoint counsel.  A pro se litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).  A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Id.* (citing *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments.  *Id.* (citing *Phillips*, 437 F.3d at 794).

Here, Plaintiff has yet to state a non-frivolous claim.  Additionally, there is no indication that Plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel.  However, recognizing that circumstances may change, the Court denies the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

### Conclusion

Accordingly, the Court grants Plaintiff's [2] Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs.  The Court orders Plaintiff to pay an initial partial filing fee of $8.25 within (21) twenty-one days of the date of this order.  The Court instructs Plaintiff to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.  The Court denies without prejudice Plaintiff's [3] Motion to Appoint Counsel.

The Court directs the Clerk of Court to mail to Plaintiff a copy of the Court's prisoner civil rights complaint form.  The Court orders Plaintiff to file an amended complaint within twenty-one (21) days of the date of this order, in accordance with the instructions herein. Plaintiff's failure to timely comply with this order may result in the dismissal of this case without prejudice and without further notice.

 Dated this 2nd day of February 2023.

SL R. CL

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE