UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STANLEY M. CRAWFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-00861 SRC |
| KEVIN HARRISON, et al., | ) ) ) |
| Defendants. | ) |

**Memorandum and Order**

This matter is before the Court upon the amended complaint and supplemental pleading of self-represented Plaintiff Stanley M. Crawford. Docs. 9 and 11. Also before the Court is Crawford's motion for extension to pay the initial partial filing fee of $8.25. Doc. 10. The Court previously granted Crawford in forma pauperis status and reviewed his § 1983 complaint under 28 U.S.C. § 1915. Doc. 8. Based on that review, the Court directed Crawford to file an amended complaint on a Court-provided form and in compliance with the Court's instructions. The Court warned Crawford that his amended complaint would also be reviewed under § 1915. For the reasons discussed below, the Court partially dismisses the amended complaint and directs the Clerk to issue process or cause process to be issued on the non-frivolous portions of the amended complaint. *See* 28 U.S.C. § 1915(e)(2).

**I.      Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**II.   Background**

Plaintiff Stanley M. Crawford is an inmate with the Missouri Department of Corrections (MDOC), confined at Moberly Correctional Center (MCC). In his complaint, brought pursuant to 42 U.S.C. § 1983 for a violation of his civil rights, Crawford named two defendants: Warren

County Sheriff Keith Harrison and jail administrator Eric Schleuter.[1]  Crawford named defendants in both their individual and official capacities.  *See* Doc. 1.

In his complaint, filed on August 18, 2022, Crawford alleged that during his incarceration at the Warren County Jail he was placed in "inhumane conditions."  He asserted that defendants negligently handled his medical needs, which included "loss of breath, struggl[ing] for air, coughing blood and [b]lood in [his] stool."  Doc. 1 at pp. 3-4.

Crawford attached medical records to his complaint, Docs. 1-1, 1-2, which the Court reviewed in accordance with Rule 10(c) of the Federal Rules of Civil Procedure.  Doc. 8 at p. 5.  The medical records showed that Crawford was seen several times by a nurse during his incarceration at the Warren County Jail for his breathing issues, and he was prescribed various prescriptions.  Doc. 1-2.  He was sent to the emergency room at the beginning of June 2019.  Crawford was then diagnosed with Chronic Obstructive Pulmonary Disease (COPD), after which time he was again treated at the Jail with various prescription drug treatments and breathing treatments, well into the month of July 2020.  When Crawford's breathing issues, joint pain and a rash surfaced in January of 2020, he was again prescribed various prescription treatments by a nurse and Physician Assistant at the Jail, but quickly sent to the Emergency Room for treatment, where he was diagnosed with Still's disease.  After he was discharged from the hospital, the Jail continued to treat Crawford with the prescribed medications (prednisone and albuterol), but when his breathing and joint pain worsened, he was sent back to the hospital for additional treatment.  *Id.*

The Court reviewed Crawford's complaint under 28 U.S.C. § 1915(e)(2) and found that his allegations for deliberate indifference to his medical needs, in violation of the Fourteenth

---

[1] At various times in plaintiff's complaint, amended complaint and supplement to his amended complaint, plaintiff spells defendant Schleuter's name as "Schleuter," "Schlueter," and "Shlueter." For ease of reference the Court will refer to defendant as "Schleuter."

3

Amendment, failed to state a claim for relief.  Doc. 8.  Crawford not only failed to connect the named defendants to the alleged deliberate indifference to his medical needs, but his medical records also indicated that he had received treatment for COPD and Still's disease—thus it appeared as though he was alleging nothing more than a mere disagreement with the treatment he was given.  *Id*.  Nonetheless, due to Crawford's self-represented status, the Court directed him to file an amended complaint to attempt to cure these pleading deficiencies.

On February 27, 2023, Crawford filed an amended complaint in this action.  Doc. 9.  Pursuant to 28 U.S.C. § 1915, the Court is obligated to review Crawford's pleading for frivolousness, maliciousness and for failure to state a claim.

### III.    The Amended Complaint

Crawford filed his amended 42 U.S.C. § 1983 complaint on February 27, 2023, against defendants Kevin Harrison and Eric Schleuter.  Doc. 9.  On the same date as he filed his amended complaint, Crawford also filed a motion for extension of time to pay his initial partial filing fee of $8.25. Doc. 10.  Because Crawford paid his initial partial filing fee on March 3, 2023, Doc. 13, the Court denies Crawford's motion for extension of time as moot.

In his amended complaint, Crawford asserts that Eric Schleuter is the "Jail Administrator" of Warren County Jail and "Mayor" of Warrenton, Missouri.  He once again identifies Kevin Harrison as the Sheriff of Warren County, Missouri.  Crawford sues defendants in both their individual and official capacities.

Because Crawford's claims are set forth in both his amended complaint as well as a supplemental document, they are somewhat difficult to discern.  The Court sets forth his claims in some semblance of order by taking judicial notice of medical records attached to Crawford's initial complaint.  Docs. 1-2, 1-3.

4

Crawford entered the Warren County Jail on or about January 25, 2019. He claims that at the time he entered the Jail he told an unnamed person in "Booking" that he had COPD. Doc. 11 at p. 1. Nonetheless, Crawford reports that "they" let him go without his inhaler and breathing treatments for several months. Crawford does not indicate when he first filed a health service request regarding his medical issues. He states that on some unnamed date he was told by an unnamed person that he was on "the list" to see Dr. Buckles, but his name was passed by, and he did not see Dr. Buckles until sometime in April 2019. Crawford does not indicate who allegedly failed to get him into see Dr. Buckles for treatment. *Id.*

Attached to his original complaint are health service requests Crawford filed at the Warren County Jail beginning as early as May 28, 2019. Doc. 1-2 at pp. 9–13. A medical progress note is included in the file showing Crawford saw the doctor and nurse on June 4, 2019, and he was prescribed medication on that date for his lungs. Doc. 1-2 at p. 8. When Crawford filed another request on June 7, 2019, he was again prescribed several different medications over the ensuing weeks, up through the beginning of July. Doc. 1-2 at pp. 5, 7, 13. Although Crawford asserts that on June 7, 2019 he told an unnamed individual that he was not receiving breathing treatments he needed, the nurse's notes from that date indicate that he was taking prednisone, albuterol and Atrovent. Doc. 1-2 at pp. 7–8.

Crawford asserts that despite being treated throughout May, June, and July by medical professionals at the Warren County Jail, he complained on or about June 27, 2019, to an unnamed person that his medication was missing off the med-cart, and he had been without his medication for approximately twenty (20) days. Doc. 11 at p. 1. Crawford alleges that both Harrison and Schleuter were aware that Crawford was suffering from each of these medical issues and that he was not getting his medication, but they failed to make sure he received his medication. Doc. 9 at p. 4-5. He asserts that Schleuter went so far as to tell medical staff not to

send him to outside providers for medical care unless he died. *Id.* He alleges that Harrison refused him "outside medical treatment" even though he "knew what was going on." Doc. 9 at p. 4.

Crawford alleges that Schleuter and Harrison told Nurse Katrina that she "could not send [him] back out to the hospital, till [he] stopped breathen [sic]." He claims Nurse Katrina went over their heads and called Dr. Buckles and had Crawford sent back to the hospital. Crawford asserts that it was the hospital that "found out [he] caught Still's disease while [he] was in Warren County Jail." Doc. 11 at p. 3. He purports that he was almost dead when he was released from the Jail on February 10, 2020. *Id.*

It appears Crawford was on medical furlough from the Jail from February 10, 2020, through September 17, 2020. Doc. 11 at p. 4. Crawford claims that when he came back to the Jail after his medical furlough, he was able to walk again, and the Jail was aware he suffered from both COPD and Still's disease. Doc. 11 at p. 4. However, he alleges that his medication again came up missing from the medication cart and that he did not receive breathing treatments. He first purportedly "wrote up" Correctional Officer Smith and Nurse Christy for their failure to provide him with medication and provide his breathing treatments. *Id.* Crawford alleges that his lawyer and his daughter also called unnamed persons at the Jail regarding the missing medications. Crawford asserts that on a couple of occasions his daughter spoke with both Nurse Christy and defendant Harrison over Crawford's health "going downhill" and his inability to get consistent medications. Doc. 11 at pp. 4–5

Crawford reports that he would ask Correctional Officer Smith for breathing treatments and when she would tell him no, he would have to go over her head and get the breathing treatments from Nurse Kim. Doc. 11 at p. 5. When Crawford was taken to the hospital a second time in January of 2020, he claims that his breathing was so bad he had to be transferred to two

6

separate hospitals, was medically coded, eventually placed on a respirator and placed in the Intensive Care Unit.  Id. at pp. 5–6.  Crawford once again states that he, his lawyer and his daughter complained of the missing medication to defendants, but nothing was done.  *Id.*

It is unclear what cell Crawford was first placed in when he came to the Warren County Jail.  He claims that he was in the cell for somewhere from four to six months and that the cell contained "black mold."  Doc. 9, p. 4.  He alleges that he reported that the "conditions were bad" to defendant Harrison, but that Harrison failed to move him from the cell.  Crawford asserts that his health conditions were exacerbated at that time because "they" were remodeling the building and at times smoke, fumes and dust would come through the vents in his cell.

Crawford claims that on May 28, 2019, he reported to an unnamed person that there was mold in his cell in B-Wing, and he was coughing up blood.  Doc. 11 at p. 1.  On June 20, 2019, he purportedly made another report to an unnamed person that there was still mold in his cell and he was having a hard time breathing.  On July 2, 2019, Crawford reported to an unnamed person that he had mold in his cell, reduced air flow in his cell and smoke coming in his cell.  Doc. 11 at p. 1.  Crawford claims that after four to six months of exposure to the conditions in his cell, he was coughing up blood, had blood in his stool, could not walk, had trouble breathing, had "bad rashes," and was swollen all over.  Crawford alleges that he asked Harrison to move him from his cell at that time, but he refused.  Doc. 9 at pp. 4–5.

Crawford states that unnamed individuals moved him to A-Wing when they saw his health was declining.  Crawford does not indicate the date on which this occurred.  However, the move failed to assist him, as there was still smoke and dust coming through the vents.  Doc. 11 at p. 2.  At an unknown time, Crawford states that he was moved to the Medical Pod, which he claims was right next to where the construction was going on in the Jail.  He alleges that his lawyer, Greg Wittner, "tried to get [him] moved over and over."  However, Schleuter and

7

Harrison kept saying no, even when Dr. Buckles and Nurse Katrina agreed that Crawford should be moved. *Id.* Crawford claims that his lawyer and daughter attempted to assist him with having him moved again, but that both Harrison and Schleuter declined to have Crawford moved despite knowing of his health problems. Doc. 11 at pp. 4–5. Crawford seeks monetary damages in this action. Doc. 9 at p. 8.

## IV. Discussion

Having carefully reviewed and liberally construed Crawford's allegations, the Court dismisses Crawford's claims against defendants in their official capacities. The Court issues process as to Crawford's allegations against defendants in their individual capacities for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

### A. Official-capacity claims

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). To prevail on an official-capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Crawford alleges that defendant Harrison is the Sheriff of Warren County, Missouri, and that defendant Schleuter is the Administrator of the Warren County Jail. A sheriff's office or jail, however, are not distinctly suable entities under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992); *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi*

*Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, Crawford's complaint is legally frivolous and/or fails to state a claim against the defendants in their official capacities. *See, e.g.*, *Owens v. Stoddard Cnty. Jail*, No. 1:21-CV-157-AGF, 2022 WL 3585609, at *3 (E.D. Mo. Aug. 22, 2022) (dismissing claims against Carl Hefner in his official capacity because "official capacity claims against Hefner are the equivalent of claims against his employer and the Stoddard County Sheriff's Department is not an entity that can be sued under § 1983" (citations omitted)).

To the extent Crawford is attempting to identify either defendant as a municipal employee (i.e., an employee of Warren County), the official-capacity claims still fail because the complaint is devoid of any allegations against the municipality itself. Unlike a sheriff's office or jail, a local governing body such as Warren County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, Crawford provides no allegations that Warren County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, there is no mention whatsoever of any County policy or custom in the complaint, and there are no allegations regarding a pattern of similar constitutional violations by other Warren

9

County employees.  Warren County is not mentioned in the statement of the claim.  Therefore, Crawford's official-capacity claims against all defendants are subject to dismissal.  *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

    **B.**    **Individual-capacity deliberate-indifference claim**

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration.  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference.  *Dulany v. Carnahan*, 132 F.3d 1234, 1237–38 (8th Cir. 1997).

To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need.  *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019), *as amended* (Nov. 26, 2019).  In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cnty.*, 801 F.3d 912, 920 (8th Cir. 2015).  Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need; under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need.  *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

With regard to the objective prong, a "serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).  Deliberate indifference can include the intentional denial or delay of access

10

to medical care, or the intentional interference with treatment or prescribed medication. *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995); *see also Davis v. Buchanan County, Missouri*, 11 F.4th 604, 624 (8th Cir. 2021).

As to the subjective prong, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017); *see also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the arrestee's health"). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Crawford asserts that despite being prescribed various medications by medical professionals at the Warren County Jail in the months of May, June, and July of 2019, he did not receive those medications for a time period of over twenty (20) days because they were not on the med-cart. He alleges that he complained about this issue to defendants Harrison and Schleuter, but despite knowing about Crawford's poor health, they chose to do nothing. Crawford also alleges that when he returned to the Jail from a medical furlough, his medication was again missing from the med-cart. Because Crawford was not receiving his medication in a timely manner, he ended up being sent to the hospital and eventually being placed on a respirator. Crawford asserts that both defendants were once again aware that he had not been receiving his medication, but they chose not to intervene and make sure Crawford received his medications.

Thus, according to Crawford's well-pleaded factual allegations, which the Court must take as true, both defendants were aware that he was not receiving his prescribed medications. *See* Doc. 11 at p. 8 (alleging that one of the correctional officers made a "body cam" of his "inhaler taken apart on the med cart" and said the nurse made a report about it and sent the report to Schleuter and Harrison).  He also alleges that both defendants knew that his health was seriously declining.  *See id.* at p. 3 (alleging that Schleuter and Harrison told the nurse "she could not send [Crawford] back out to the hospital till [he] stopped breathen [sic]."); *id.* (alleging that his lawyer and daughter "stade [sic] on" Schleuter and Harrison, "trying to get [him] release [sic] from jail on a medical furlow [sic]"); *id.* at p. 5 (alleging that his daughter "call[ed] the Sheriff Kevin Harrison over my health going down hill [sic]").

Crawford also alleges that Schleuter "refused to put [Crawford] in a clean environment necessary to maintain my health knowing that I have 'Still's' disease." Doc. 9 at p. 6.  He similarly alleges that Harrison "failed . . . to make sure [Crawford] was in a clean healthy environment . . . after being told several times that the conditions I was exposed to would kill [Crawford]." *Id.* at p. 5.  Crawford alleges that because of the conditions in his cell, his lawyer "tried to get [him] moved over and over," but Schleuter and Harrison "kept saying no." Doc. 11 at p. 2.  He asserts that Schleuter and Harrison refused to move him despite knowing about his medical issues. *Id.*

In evaluating Crawford's allegations regarding the conditions in his cell, the Court notes that the Eighth Circuit has held that "a prison official may violate the Eighth Amendment . . . 'by being deliberately indifferent either to a prisoner's existing serious medical needs or to conditions posing a substantial risk of serious future harm." *Christian v. Wagner*, 623 F.3d 608, 614 (8th Cir. 2010) (quoting *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir.1995)).  In other words, while "[j]ail employees may not ignore a dangerous condition of confinement 'on the

12

ground that the complaining inmate shows no serious current symptoms,'" *id.* (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)), "[b]oth types of claims challenge [the prisoner]'s conditions of confinement."

In *Christian v. Wagner*, the Eighth Circuit upheld district court's decision to "not instruct[] the jury on a conditions of confinement claim distinct from a claim based on denial of medical care" because the plaintiff "failed to challenge his conditions of confinement based on a risk of future injury that was distinct from the current medical need that he allegedly endured while incarcerated." *Id.* The Eighth Circuit noted that while the complaint purported to raise two causes of action, it did not "articulate[] a claim that jailers were deliberately indifferent to a serious risk of future harm, as opposed to a serious medical need while in jail." *Id.*

Here, Crawford's Amended Complaint connects all his conditions-of-confinement allegations, along with his lack-of-access-to-medication allegations, to his underlying medical issues. His contention is that Schleuter and Harrison—knowing about his medical condition—failed to ensure he received his medications and refused to address the mold, smoke, and dust that aggravated Crawford's medical issues. Doc. 9 at pp. 4–6. Thus, the Court does not construe Crawford's Amended Complaint as raising a "future-injury" conditions-of-confinement claim distinct from his deliberate-indifference claim. *See Christian*, 623 F.3d at 614–15.

In sum, having carefully reviewed Crawford's Amended Complaint and supplemental document, the Court concludes that his well-pleaded factual allegations, taken as true, state a claim for deliberate indifference. *See id.*

## V.      Conclusion

For the reasons stated above, the Court orders that the Clerk shall not issue process or cause process to issue upon the amended complaint as to Crawford's claims against defendants Kevin Harrison and Eric Schleuter in their official capacities because, as to these claims against

defendants, the amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

The Court directs the Clerk to issue process or cause process to issue upon the amended complaint as to defendants Kevin Harrison and Eric Schleuter regarding Crawford's allegations against defendants in their individual capacities for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.

Defendant Kevin Harrison shall be served with summons in his individual capacity at the Warren County Sheriff's Office:  104 West Main Street, Suite A, Warrenton, Missouri 63383. Defendant Eric Schleuter shall be served with summons in his individual capacity at the Warren County Jail:  104 W. Booneslick Road, Warrenton, Missouri, 63383.  Pursuant to 42 U.S.C. § 1997e(g)(2), defendants Kevin Harrison and Eric Schleuter must reply to Crawford's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

The Court directs the Clerk of Court to change the docket to reflect the name of defendant Eric Schleuter to maintain consistency in the Court record.  The Court denies Crawford's motion for extension of time to pay the initial partial filing fee, Doc. 10, as moot.  An Order of Partial Dismissal accompanies this Memorandum and Order.  The Court certifies that an appeal from this Memorandum and Order would not be taken in good faith.

So Ordered this 31st day of August 2023.

_SL R. CR_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE